**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-7410**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILFREDO GONZALEZ LORA,

    Defendant - Appellant.

---

**No. 15-6137**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILFREDO GONZALEZ LORA,

    Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:98-cr-00358-LMB-4; 1:11-cv-01413-LMB; 1:09-cv-01008-LMB; 1:14-cv-00873-LMB; 1:03-cv-00670-LMB)

---

Submitted: November 25, 2015     Decided: December 9, 2015

---

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Wilfredo Gonzalez Lora, Appellant Pro Se.  Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Wilfredo Gonzalez Lora appeals the district court's orders denying his Fed. R. Civ. P. 60(b) motion seeking relief from its judgment denying 28 U.S.C. § 2255 (2012) relief, denying his Fed. R. Civ. P. 59(e) motion seeking to alter or amend the order denying Rule 60(b) relief, denying his motion to amend his Rule 60(b) motion, and denying his Rule 59(e) motion seeking relief from the order denying his motion to amend. For the reasons that follow, we affirm.

A prisoner cannot appeal a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B) (2012). Generally, a COA is required to appeal an order denying a Rule 60(b) motion in a § 2255 proceeding. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). This court recently clarified, however, that a COA is not required in the limited circumstance in which the district court dismisses a Rule 60(b) motion as an unauthorized, successive habeas petition. United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015).

To file a successive § 2255 motion in the district court, a prisoner must first obtain preauthorization from this court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Although a prisoner is permitted to seek Rule 60(b) relief from a district court's judgment in a § 2255 proceeding, "a district court has no

3

discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255] application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Where a Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings," it is a true Rule 60(b) motion and may be reviewed without preauthorization. McRae, 793 F.3d at 397 (internal quotation marks omitted). Applying these principles, we conclude the COA requirement does not apply to Lora's appeal of the orders dismissing his Rule 60(b) motion and denying his subsidiary postjudgment motions.

We review for abuse of discretion the district court's denial of a Rule 59(e) or Rule 60(b) motion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (Rule 59(e)); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) (Rule 60(b)). We discern no abuse of discretion in the court's rejection of Lora's motions.

As the district court correctly determined, Lora's Rule 60(b) motion seeking relief from the district court's § 2255 judgment is the functional equivalent of a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Winestock, 340 F.3d at 207. While Lora argues that his Rule 60(b) motion addressed only a procedural defect in the § 2255 proceedings, the substance of his motion belies its characterization as a "true" Rule 60(b) motion. Similarly,

4

Lora's Rule 59(e) motion to alter or amend the order dismissing his Rule 60(b) motion raised arguments seeking to undermine the district court's disposition of his substantive claims in his § 2255 motion and, effectively, his underlying criminal conviction. The district court therefore lacked jurisdiction to adjudicate these motions, and they were properly subject to dismissal.

With regard to his motion to amend his Rule 60(b) motion and subsequent Rule 59(e) motion, Lora relies on Fobian v. Storage Tech. Corp., 164 F.3d 887 (4th Cir. 1999), to argue that the district court improperly declined to exercise jurisdiction over the motion to amend. However, Fobian's holding is inapposite here, as Lora's motion to amend was not a Rule 60(b) motion and was not in aid of the pending appeal. See Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014); Fobian, 164 F.3d at 890-91. In any event, even if the pending appeal did not deprive the district court of jurisdiction over the motion, the court would have lacked jurisdiction to consider it, as it was itself the functional equivalent of an unauthorized, successive § 2255 motion. See Gonzalez, 545 U.S. at 532; Winestock, 340 F.3d at 207. Thus, the district court properly denied Lora's motion to amend and his Rule 59(e) motion seeking relief from the order denying that motion.

Finally, we construe Lora's notices of appeal and appellate pleadings as an application to file a second or successive § 2255 motion. <u>Winestock</u>, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Lora's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6