**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4130**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DOMINIQUE ALEXANDER JONES, a/k/a Big Nique, a/k/a Nique,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:10-cr-00074-F-1)

Submitted:  September 13, 2011      Decided:  September 30, 2011

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina,
for Appellant.  Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Dominique Alexander Jones pled guilty pursuant to a plea agreement to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Jones now seeks to appeal his conviction and sentence. The Government has moved to dismiss the appeal as barred by Jones's waiver of the right to appeal included in his plea agreement. Our reading of the waiver convinces us that Jones may proceed with his challenge to his conviction, but that his challenges to the validity of his sentence are waived. Therefore, we grant the Government's motion to dismiss as to the sentencing issues and deny it as to Jones's challenge to his guilty plea.

Jones first argues that his conviction is invalid because his guilty plea was not knowing and voluntary. Prior to accepting a guilty plea, a district court must inform the defendant of, and determine that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court must also determine whether there is a factual basis for the plea. Id. at 120. In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of a

2

guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

Our review of the record reveals that the district court fully complied with the requirements of Rule 11 in accepting Jones's plea. Furthermore, we find no merit in Jones's argument that Fed. R. Crim. P. 11(b)(1)(M) required the district court to provide him with additional information regarding his potential sentence before accepting his plea. Accordingly, we find that Jones's plea was knowing and voluntary and affirm his conviction.

Jones also asserts that the sentencing issues he seeks to raise on appeal are not barred by the terms of his waiver of appellate rights. Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Jones does not contest the validity of his waiver, and we find that the sentencing issues he seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Additionally, we find no merit in his contention that the wording of his waiver is ambiguous or subject to multiple interpretations. Therefore, we find that

3

the sentencing issues Jones seeks to raise on appeal are barred by the terms of his waiver of appellate rights.

Accordingly, we dismiss the appeal in part and affirm Jones's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART