**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DOMINIQUE ALEXANDER JONES,

Petitioner - Appellant,

v.

WARDEN, USP-LEAVENWORTH,

Respondent - Appellee.

No. 19-3264
(D.C. No. 5:19-CV-03217-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Petitioner Dominique Alexander Jones, a federal prisoner proceeding *pro se*,

filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District

Court for the District of Kansas. In that petition, Petitioner seeks to challenge a

sentence imposed by the United States District Court for the Eastern District of North

Carolina. The District of Kansas dismissed this action without prejudice for lack of

statutory jurisdiction. We affirm.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner pleaded guilty to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In 2011, the United States District Court for the Eastern District of North Carolina sentenced Petitioner to 360 months' imprisonment. Petitioner appealed his conviction and sentence. The Fourth Circuit concluded that the sentencing issues he sought to raise on appeal fell squarely within the scope of his waiver of appellate rights. United States v. Jones, 448 F. App'x 354, 356 (4th Cir. 2011).

Petitioner next filed a 28 U.S.C. § 2255 motion in the Eastern District of North Carolina. He argued that the district court erred by classifying him as a career offender in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The district court concluded that Petitioner's appellate waiver was both knowing and voluntary and he thus waived the right to pursue the claim he set forth in his § 2255 motion. Jones v. United States, 2013 WL 4828558, at *2 (E.D.N.C. 2013). The Fourth Circuit dismissed Petitioner's appeal, concluding that Petitioner failed to make the requisite showing for a certificate of appealability. United States v. Jones, 565 F. App'x 202 (4th Cir. 2014).

Petitioner filed another § 2255 motion as well as a Federal Rule of Civil Procedure 60(b) motion. The Eastern District of North Carolina dismissed the § 2255 motion as a successive but unauthorized petition and treated Petitioner's Rule 60(b) motion as a successive § 2255 motion and dismissed it on the same basis. The Fourth Circuit said Petitioner failed to demonstrate that the district court's ruling that he

lacked authorization to submit a successive § 2255 motion was debatable. It denied Petitioner a certificate of appealability. United States v. Jones, 616 F. App'x 98, 98 (4th Cir. 2015).

Finally, Petitioner filed this § 2241 motion in the District of Kansas. Petitioner argues that the remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence. This is because, according to Petitioner, his sentence was legal at the time the Eastern District of North Carolina improperly enhanced his sentence but a later decision—Simmons, 649 F.3d 237, made retroactive by Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013)—would have prohibited the enhancement. The district court held that the savings clause of § 2255(e) does not apply to Petitioner because he has not shown that § 2255 is an inadequate or ineffective vehicle for relief. The district court dismissed the case without prejudice for lack of statutory jurisdiction.

## II.

When presented with a § 2241 motion, a district court first looks to whether it has statutory jurisdiction to consider a petitioner's motion. Abernathy v. Wandes, 713 F.3d 538, 557 (10th Cir. 2013). The primary vehicle to attack the validity of a federal conviction or sentence is a § 2255 motion. Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011). In contrast, a § 2241 motion is "generally reserved for complaints about the nature of a prisoner's confinement, not the fact of his confinement." Id. "[I]n rare instances," however, "a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the

3

savings clause in § 2255(e)."  Hale v. Fox, 829 F.3d 1162, 1165 (10th Cir. 2016)

(internal citation and quotation omitted).  Under § 2255(e), a prisoner can use a

§ 2241 motion to attack his conviction or sentence if a § 2255 motion is "inadequate

or ineffective to test the legality of his detention."  Id. (quoting 28 U.S.C. § 2255(e)).

If a petitioner cannot meet § 2255(e)'s test, "the court lacks statutory jurisdiction to

hear his habeas claims."  Abernathy, 713 F.3d at 557.

 "To invoke the savings clause, there must be something about the initial

§ 2255 procedure that itself is inadequate or ineffective for testing a challenge to

detention."  Prost, 636 F.3d at 589.  Failing to prevail under § 2255 is not sufficient

to satisfy the savings clause.  Id.  "The savings clause doesn't guarantee results, only

process."  Id.  Accordingly, "the possibility of an erroneous result—the denial of

relief that should have been granted—does not render the procedural mechanism

Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332,

2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its

merits within the plain meaning of the savings clause."  Id.

 Petitioner contends that in light of the Fourth Circuit's ruling in Simmons,

issued after the district court sentenced him, the Eastern District of North Carolina

should not have classified him as a career offender.  In other words, he asserts that

the methodology the Fourth Circuit used to classify career offenders when the district

court sentenced him differs from present day procedures.  "But an intervening change

in how a provision is interpreted does not render § 2255 inadequate or ineffective."

Guerrero v. English, 743 F. App'x 207, 209 (10th Cir. 2018) (citing Prost, 636 F.3d

4

at 588).  In this case, the existence of an appellate waiver in a plea agreement which prohibits an appellate court from considering the issue in a § 2255 motion does not render § 2255 an inadequate or ineffective vehicle.

We have no statutory jurisdiction over a § 2241 motion unless the petitioner shows that "the § 2255 remedial vehicle is inadequate or ineffective."  Prost, 636 F.3d at 590.  Because Petitioner has not done that, the district court correctly dismissed this case without prejudice for lack of statutory jurisdiction.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge