**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4638

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOSE DEMOND ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:03-cr-00616-HMH)

Submitted:  January 18, 2008      Decided:  February 14, 2008

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina,
for Appellant.  Reginald I. Lloyd, United States Attorney, Isaac
Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously affirmed the convictions of Carlose Demond Robinson on various narcotics and firearms charges. However, we vacated Robinson's 960-month sentence and remanded for resentencing. United States v. Robinson, 221 Fed. Appx. 236, 2007 WL 869159 (4th Cir. 2007) (unpublished). At resentencing, the district court again imposed a 960-month sentence. Robinson now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the district court should have imposed a variance sentence but stating that there are no meritorious issues for appeal. Robinson has filed a pro se supplemental brief raising additional issues. Finding no reversible error, we affirm.

In his earlier appeal, Robinson claimed that his sentence violated the Sixth Amendment because it was improperly enhanced under U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.4 (2003). We rejected this claim, finding it foreclosed by Shepard v. United States, 544 U.S. 13, 20 (2005). We agreed, however, that the district court violated United States v. Booker, 543 U.S. 220 (2005), by treating the sentencing guidelines as mandatory. Because the district court did not indicate how it would have sentenced Robinson under an advisory guidelines scheme, we vacated the sentence and remanded for resentencing.

At resentencing, the district court clearly treated the guidelines as advisory. The court also considered the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Robinson moved for a variance, contending that a seventy-year sentence would be appropriate in light of his age and the § 3553(a) factors. The district court denied the motion, finding that a sentence within the advisory guideline range of 960 months to life was appropriate. The court then sentenced Robinson to 960 months in prison.

In his pro se brief, Robinson asserts that he was wrongly convicted. He also contests the enhancement of his sentence under USSG §§ 4B1.1, 4B1.4 and the calculation of the amount of drugs for which he was responsible. Consideration of these arguments is prohibited by the mandate rule, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court" as well as "issues decided by the district court but foregone on appeal." See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

In the Anders brief, counsel contends that the district court erred when it denied the motion to impose a variance sentence. We review a post-Booker sentence to determine if it is "within the statutorily prescribed range and reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

- 3 -

Here, Robinson's sentence falls within the applicable statutory range and the correctly calculated advisory guideline range and is presumptively reasonable.  We conclude that Robinson failed to rebut this presumption by showing that his sentence is unreasonable when measured against the § 3553(a) factors.  See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court accordingly did not err when it denied the motion for a variance.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.  We deny the motion for substitution of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -