**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5271**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARTREY ANTWAIN NEWBY, a/k/a Trey,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge.  (4:07-cr-00051-FL-l)

Submitted:  October 13, 2010          Decided:  December 3, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton,
North Carolina, for Appellant.   George E. B. Holding, United
States Attorney, Ann M. Hayes, Joshua B. Royster, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martrey Antwain Newby appeals the convictions and 425-month sentence imposed following a jury trial on one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and five counts of possession with intent to distribute different quantities of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Newby contends that the district court erred in denying his motion to compel, in denying his motion to suppress photographic line-up evidence, and in limiting his cross-examination of a police officer at trial. Newby also argues that his sentence is unreasonable. Finding no reversible error, we affirm.

Newby first argues that the district court erred in denying his motion to compel access to documents pertaining to a police department Internal Affairs ("IA") investigation, which he believes could have been used at trial to impeach officers who had been suspended as a result of that investigation. While the government has a duty to disclose material that is "favorable to an accused upon request," it must also be "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). "Evidence is material when its suppression undermines confidence in the outcome of the trial." United States v. Kelly, 35 F.3d 929, 936 (4th Cir. 1994)

2

(quoting United States v. Bagley, 473 U.S. 667, 678 (1985)). Thus, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." Giglio v. United States, 405 U.S. 150, 154 (1972) (internal quotation marks omitted).

Upon review of the challenged documents with these standards in mind, we conclude that the district court did not clearly err in denying Newby's motion to compel. See United States v. Trevino, 89 F.3d 187, 190 (4th Cir. 1996) (stating standard of review). The IA investigation did not relate to the investigation of Newby and thus had no bearing on his guilt or innocence. Moreover, the documents were not significantly probative of the officers' character for truthfulness such that the information therein would have materially undercut their credibility and affected the outcome of the trial.

Next, Newby contends that the district court erred in denying his motion to suppress the first confidential informant's out-of-court identification of him based on allegedly unduly suggestive pretrial identification procedures. In challenging an identification procedure, the defendant must first establish that the "procedure was impermissibly suggestive." Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). However, if the defendant fails to do so, the inquiry

3

ends. See Harker v. Maryland, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after determining pretrial photographic array was not impermissibly suggestive). In reviewing the district court's denial of a motion to suppress, we review the district court's factual determinations for clear error and its legal determinations de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008).

We have carefully reviewed the record on appeal and conclude that the photographic line-up was not impermissibly suggestive. The magistrate judge and the district court had the opportunity to view the originals and observe whether the photographs were similar in appearance. In addition, the officers informed the confidential informant that the photographic line-up might not contain a picture of the suspect and reasonably excluded from the line-up a picture of the person the confidential informant initially named as a suspect because that person was incarcerated at the time of the controlled purchase. Thus, the district court did not err in denying the motion to suppress the confidential informant's pretrial identification of Newby.

Newby also contends that the district court erred by ruling that he could not cross-examine one of the investigating officers about his suspension and department rules and procedures. A defendant has the right to have "'a meaningful

4

opportunity to present a complete defense.'" United States v. Smith, 451 F.3d 209, 221 (4th Cir. 2006) (quoting United States v. Scheffer, 523 U.S. 303, 329 (1998)). Accordingly, "the right of cross examination is a precious one, essential to a fair trial," and the defendant should be given "a reasonable opportunity to conduct cross-examination that might undermine a witness's testimony." Id. (internal quotation marks omitted). However, the district court may "impose reasonable limits on cross-examination, [based] on such concerns as prejudice, confusion, repetition, and relevance." Id.

Our review of the record leads us to conclude that the district court did not abuse its discretion by limiting Newby's cross-examination of the officer. See id. at 220 (stating standard of review). Moreover, contrary to Newby's assertion on appeal, the officer's testimony was not "essentially the key to convicting" him. Besides the officer's testimony, the jury heard from three confidential informants who participated in controlled drug purchases with Newby and who recorded those transactions through the use of audio and video equipment. The jury also heard testimony from witnesses who watched Newby cook and distribute crack cocaine during the time frame of the charged conspiracy, as well as those who claimed to have supplied Newby with drugs.

Finally, Newby challenges the reasonableness of his sentence. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted). This is true even when the district court sentences a defendant within the applicable Guidelines range. Id.

We review sentencing error asserted for the first time on appeal for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain;

and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993).

Contrary to Newby's assertion on appeal, our review of the record reveals that the district court imposed a sentence that was not greater than necessary to achieve the goals of § 3553(a). The district court gave due consideration to the § 3553(a) factors and adequately explained the reasons for Newby's sentence. Moreover, we note that the district court had the benefit of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85, 107 (2007), and was free to reject the 100:1 crack-to-powder ratio.

Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Because the district court imposed a within-Guidelines sentence, we presume the sentence is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Newby has not rebutted that presumption on appeal. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We therefore conclude that the district court committed no significant procedural or substantive error in sentencing Newby to 425 months' imprisonment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED