**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6478**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DOMINIQUE ALEXANDER JONES, a/k/a Big Nique, a/k/a Nique,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:10-cr-00074-F-1; 5:15-cv-00072)

———————

Submitted: September 10, 2015    Decided: September 23, 2015

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Dominique Alexander Jones, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Jones appeals the district court's orders dismissing his 28 U.S.C. § 2255 (2012) motion as successive but unauthorized, and treating his Fed. R. Civ. P. 60(b) motion as a successive § 2255 motion and dismissing it on the same basis. On appeal, Jones re-asserts his challenges to his underlying conviction, and argues that his postjudgment motion is not a successive § 2255 motion, but is in fact a true Rule 60(b) motion.

To the extent Jones appeals from the district court's dismissal of his § 2255 motion, he needs a circuit justice or judge to issue a certificate of appealability in order to proceed. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Federal prisoners are prohibited from filing "second or successive" collateral attacks on a conviction or sentence absent preauthorization from a federal circuit court. 28 U.S.C. § 2255(h). Because Jones fails to demonstrate that the

2

district court's ruling that he lacked authorization to submit a successive § 2255 motion was debatable, we deny a certificate of appealability and dismiss this portion of the appeal.

Jones does not, however, require a certificate of appealability in order for us to determine whether his postjudgment motion was a § 2255 motion, a true Rule 60(b) motion, or a hybrid of both. United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). A district court must treat a Rule 60(b) motion as a successive collateral review application "when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). In distinguishing between a proper motion for reconsideration and a successive application, we have stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.

After reviewing the record, we conclude that the district court properly construed Jones' postjudgment motion as a successive § 2255 motion because in it, Jones attacks his

3

conviction without attempting to remedy some defect in the collateral review process. Because Jones previously filed a § 2255 motion and has not received authorization to submit a successive § 2255 motion, we affirm the district court's order dismissing his postjudgment motion, reconstrued as a § 2255 motion, for want of jurisdiction.

Under our holding in Winestock, we must construe Jones' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Jones' claims satisfy neither of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We also deny Jones' motions to appoint counsel and for default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>