**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4018**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARTREY ANTWAIN NEWBY, a/k/a Trey,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:07-cr-00051-FL-1)

───────────────

Argued: September 22, 2023                    Decided: January 19, 2024

───────────────

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────────

Sentence vacated and remanded for resentencing by published opinion. Judge Heytens wrote the opinion, in which Judge Wynn joined. Judge Quattlebaum wrote a dissenting opinion.

───────────────

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kevin James Barber, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Acting Deputy Assistant Attorney General, Joel S. Johnson, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Norman Acker, III, Acting United States Attorney, David A.

Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

TOBY HEYTENS, Circuit Judge:

Martrey Newby has been incarcerated for more than a decade and is scheduled to be released in 2028. When initially sentencing Newby, the district court included discretionary conditions of supervised release in its written judgment that were not orally announced during the sentencing hearing. That was error. See *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Years later, the district court modified Newby's sentence under the First Step Act of 2018, and the court's amended judgment purported to "carr[y] forward" those same conditions. JA 171. Newby appeals, urging this Court to remand for another round of sentencing. We conclude that, in the specific posture of this case, Newby's challenges are properly before us. On the merits, we vacate Newby's sentence and remand for a full resentencing.

I.

In 2008, Newby was convicted of six non-violent drug crimes. On top of 425 months of imprisonment, his sentence included a 10-year term of supervised release.

During the post-trial sentencing hearing, the district court announced various discretionary conditions of supervised release. In its written judgment memorializing that sentence, however, the court purported to add several more such conditions. Newby appealed his sentence on grounds unrelated to this proceeding, which were rejected in an unpublished per curiam opinion. See *United States v. Newby*, 403 Fed. Appx. 809 (4th Cir. 2010).

Almost a decade later, Newby filed a pro se motion seeking a sentence reduction under the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5222. The district court

3

appointed counsel and ordered a revised presentence investigation report.

Newby objected to the new report's advisory Guidelines range, identifying an error in how the original judgment described one of his offenses of conviction. The district court concluded the "appropriate remedy" was to correct the clerical error under Federal Rule of Criminal Procedure 36. JA 169. After doing so, the court—applying the First Step Act—adjusted Newby's Guidelines range and reduced his sentence to 294 months in prison and four years of supervised release. The court's resentencing order concluded: "Except as expressly modified herein, the amended judgment carries forward all terms of" the previous one. JA 171. The amended judgment contains the same discretionary conditions of supervised release that were not announced orally at Newby's sentencing hearing. Newby appeals, arguing that those conditions are improper and that we should vacate and remand for resentencing.

## II.

This case presents a recurring question in a unique posture. In *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), this Court held a district court may not impose discretionary conditions of supervised release in a written judgment if the court did not announce those conditions during the sentencing hearing. This rule, we explained, stems from a criminal defendant's "right to be present when he is sentenced" and the principle that "if a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls." *Id.* at 296. Under this Court's precedent, discretionary conditions announced for the first time in a written judgment are legal "nullities" to which the defendant "has never been sentenced." *United States v. Singletary*, 984 F.3d 341, 344–

4

45 (4th Cir. 2021) (quotation marks removed).

Were this an appeal from the initial sentencing decision, this case would be easy. The government never denies the district court violated the rule announced in *Rogers*—which, to be fair, was decided more than a decade after Newby's original sentencing. Nor would Newby's failure to raise this issue before the district court pose a problem were this an appeal from the original judgment. See *United States v. Cisson*, 33 F.4th 185, 192–93 (4th Cir. 2022) (rejecting application of plain-error standard in that context); *Rogers*, 961 F.3d at 295–96 (same). In that situation, our path would be clear: We would vacate Newby's sentence and remand for resentencing. See *Singletary*, 984 F.3d at 346; *Rogers*, 961 F.3d at 300–01.

The problem, of course, is that this is not an appeal from Newby's original sentence. That appeal has been taken and lost, see 403 Fed. Appx. 809 (4th Cir. 2010), and Newby identifies no basis for reopening it. Cf. *United States v. Brantley*, No. 22-4166, 2023 WL 8215209, at *1 (4th Cir. Nov. 28, 2023) ("defendants who raise *Rogers* errors are" not "excused from the usual timeliness rules for filing a notice of appeal"). Nor, as Newby conceded at oral argument, is there any freestanding right to ask an appellate court to correct even the most obvious *Rogers* error. See Oral Arg. 14:14–14:41; accord *Brantley*, 2023 WL 8215209, at *3 (emphasizing that "[a] judgment with a *Rogers* error, just as any other judgment, is valid until corrected on appeal or amended by the district court"). For those reasons, our hands are tied unless Newby has a procedurally appropriate mechanism for raising the issue now. Fortunately for him, we believe he does.

5

The order from which Newby currently appeals did two things: It corrected a clerical error in the original judgment and modified Newby's sentence under the First Step Act. All parties agree we have jurisdiction to review that order. See *Manrique v. United States*, 581 U.S. 116, 121–22 (2017) (emphasizing that an amended criminal judgment is a separate appealable order). Exercising that jurisdiction here, we vacate and remand for resentencing because the district court's amended judgment remains infected by the initial *Rogers* error.

True, this Court's holding in *Rogers* was based in part on Federal Rule of Criminal Procedure 43. And true, that provision specifically excludes from its ambit "proceeding[s] involv[ing] the . . . reduction of [a] sentence under . . . 18 U.S.C. § 3582(c)," the statutory provision under which First Step Act resentencing occurs. Fed. R. Crim. P. 43(b)(4); see *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (describing First Step Act motions as "fall[ing] under § 3582(c)(1)(B)). But that only matters if the First Step Act authorizes district courts to impose new discretionary conditions of supervised release.

It does not. Under this Court's precedent, the terms of Newby's supervised release are part of his "one unified sentence." *Singletary*, 984 F.3d at 346 n.4 (quotation marks removed). And the only type of modified "sentence" the First Step Act authorizes a district court to impose is a "reduced" one, Pub. L. No. 115-391, § 404, 132 Stat. 5194. For that reason, the district court could not have imposed any new discretionary conditions of supervised release in Newby's First Step Act proceeding.

From there, we return to the place we began: *Rogers*. Newby is a criminal defendant who has timely appealed his current sentence to this Court. Cf. *Brantley*, 2023 WL

6

8215209, at \*1 (dismissing appeal from a *Rogers* error where the notice of appeal was filed after the relevant deadline). The written judgment from which Newby appeals provides that, following his release from incarceration, Newby will be subject to discretionary conditions of supervised release never announced in his presence. That is the very defect identified in *Rogers*. Under this Court's precedent, such conditions are "nullities" to which Newby "has never been sentenced." *Singletary*, 984 F.3d at 344–45. And because the conditions were "never imposed" in the first place (*id.* at 346) they could not be "carrie[d] forward" (JA 171) through the district court's amended judgment. We thus vacate the amended judgment and remand for resentencing. See *United States v. Kemp*, No. 21-485, slip op. at 13 (4th Cir. 2023) (noting this Court has "identified a clear rule for remedying *Rogers* errors" and does "not simply strike the unpronounced conditions" (quotation marks removed)).\*

\*    \*    \*

As both sides put it at oral argument, this case may well be a unicorn. Not only is our holding based on the "unusual" nature of *Rogers* errors, see *Singletary*, 984 F.3d at 345 (quotation marks removed), it also depends on the unique posture of an appeal from a First Step Act resentencing—itself an increasingly uncommon occurrence. Under these

---

\* We need not resolve whether Newby's current claim should have been reviewed only for plain error because he never raised it before the district court in connection with the First Step Act proceedings. By making no such argument in its brief, the government has forfeited any such forfeiture argument. See *Jordan v. Large*, 27 F.4th 308, 312 n.4 (4th Cir. 2022) ("[T]he waiver itself has been waived."); accord *Solomon v. Vilsack*, 763 F.3d 1, 13 (D.C. Cir. 2014) (explaining parties can "forfeit[ ] forfeiture arguments.").

circumstances, we conclude Newby is entitled to the remedy our decisions provide. We thus vacate Newby's sentence and remand for resentencing.

*SO ORDERED*

8

QUATTLEBAUM, Circuit Judge, dissenting:

Our peculiar approach to *Rogers-Singletary*[1] errors continues. Fifteen years ago, Newby was sentenced for various drug crimes. His original judgment contained two discretionary supervised release conditions that were not mentioned at his sentencing—what we now sometimes call a *Rogers-Singletary* error. But this is not a new error. At the time of Newby's sentencing, our circuit had long concluded that in the event of a discrepancy between the written judgment and the sentencing court's oral pronouncement, the oral pronouncement prevails. *See United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965) ("To the extent of any conflict between this written order and the oral sentence, the latter is controlling."). And we determined that in such a situation, the district court should conform the written judgment to the oral pronouncement. *Id.* Despite that longstanding precedent, Newby did not object before the district court or raise this issue on direct appeal. Instead, he appealed on other grounds and we affirmed the district court's judgment. *See United States v. Newby*, 403 F. App'x 809, 811 (4th Cir. 2010).

Almost a decade later, Newby sought to decrease his sentence under the First Step Act. In his First Step Act motion, he only sought to reduce the length of his imprisonment and supervised release. He said nothing about any discrepancy between his written supervised release conditions and those announced at his original sentencing. Consistent with that, the district court, in addition to correcting an unrelated clerical error on the listed conviction, reduced his prison and supervised release terms.

---

[1] *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

Newby appealed the judgment resulting from his successful First Step Act motion. But he did not challenge any of the district court's rulings on his motion. Instead, he raised for the very first time the discrepancy between the oral pronouncement at his original sentencing hearing and the written judgment's supervised release conditions, which dated back to his original sentence fifteen years ago and were merely carried forward in the amended judgment. Newby claims he can challenge that discrepancy because, although not new, the unannounced terms of his supervised release are restated in the amended judgment.

But I don't see the procedural basis for the appeal. The deadline for appealing Newby's original judgment—where the *Rogers-Singletary* error first appeared—passed decades ago. And whether under the law of the case doctrine, the mandate rule or waiver principles, a party generally cannot use a second appeal to challenge issues that were available but not raised in an initial appeal. *See Doe v. Chao*, 511 F.3d 451, 465 (4th Cir. 2007); *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 505–06 (4th Cir. 1992). What's more, as the majority and Newby note, there is no free-standing right to ask an appellate court to correct *Rogers-Singletary* errors. True, if the error here were clerical in nature, Federal Rule of Criminal Procedure 36 generally permits the correction of such errors at any time. However, the majority rightfully does not frame the *Rogers-Singletary* error as clerical.[2]

---

[2] Federal Rule of Criminal Procedure 35(a) may provide a way to address a *Rogers-Singletary* problem. It permits a district the court to correct a "clear error." Fed. R. Crim. P. 35(a). But that rule has a 14-day deadline. *Id.* Newby did not invoke Rule 35(a) before the district court.

The majority permits the appeal under the unique circumstances presented here. Those unique circumstances, according to the majority, are that we have jurisdiction to review the district court's recent order on Newby's First Step Act motion and that the amended judgment resulting from that motion carried forward the unannounced supervised release conditions first included in the 2008 written judgment. But even considering those circumstances, there are only two possible ways I see to reach this result. One, we could adopt a rule that any aspect of a judgment resulting from a First Step Act motion can be appealed, even if that aspect was not the subject of the motion and had been in place for years. That, however, would be a dramatic afront to the finality of judgments. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (recognizing an enduring respect for finality of convictions and that "[f]inality is essential to both the retributive and the deterrent functions of criminal law"); *see also Telcy v. United States*, 20 F.4th 735, 745 (11th Cir. 2021) (recognizing that a sentence reduction under the First Step Act does not constitute a new judgment for purposes of the Antiterrorism and Effective Death Penalty Act of 1996's bar on second or successive habeas petitions). For good reason, the majority does not even suggest that should be our rule.

Two, we could decide that *Rogers-Singletary* errors, for some reason, require a special rule that permits appellate review whenever the error is raised by a criminal defendant. Recently, I described my concerns about our *Rogers-Singletary* jurisprudence. *United States v. Kemp*, No. 21-4185, 2023 WL 8613495, at *6 (4th Cir. Dec. 13, 2023)

11

(Quattlebaum, J., concurring).[3] Adopting such a special rule for this type of error would only add to the concerns mentioned there. But fortunately, the majority doesn't seem to adopt that approach either.

So, if we are not going to adopt either of those two rules—and I agree that we shouldn't—I am left wondering how we can consider this appeal. Since I can find no proper basis to do so, with respect for my colleagues in the majority, I would dismiss the appeal.

---

[3] Also, as I recently explained in *Kemp*, a full resentencing is ill-advised. A more appropriate approach, in my view, would be to "remand for a *limited resentencing*—giving district courts the choice of whether to vacate problematic conditions or to orally pronounce any unannounced condition." *Id.* at *10. But I agree with the majority that *Rogers, Singletary* and other cases compel a full resentencing. So, despite my disagreement, I am bound on this point.

12