**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 24-4215**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTREY ANTWAIN NEWBY, a/k/a Trey,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:07-cr-00051-FL-1)

―――――――――

Submitted:  February 28, 2025                    Decided:  March 28, 2025

―――――――――

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, a jury convicted Martrey Antwain Newby on one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and five counts of possession with intent to distribute cocaine base in varying amounts, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 425 months' imprisonment and a 10-year term of supervised release. The written judgment contained at least two special conditions of supervised release that the court did not orally announce at sentencing. On appeal, Newby did not challenge the inconsistency between the written judgment and the oral pronouncement of the conditions of his supervised release. We affirmed the judgment. *United States v. Newby*, 403 F. App'x 809, 811 (4th Cir. 2010) (No. 08-5271). In 2020, the district court granted Newby's motion for a reduced sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), and reduced Newby's sentence to 294 months' imprisonment and four years of supervised release. To correct what it deemed to be a clerical error in the judgment, the district court entered an amended judgment under Fed. R. Crim. P. 36 that reflected both the new sentence under the First Step Act and a corrected list of Newby's convictions.

On appeal, relying on *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341, 344-45 (4th Cir. 2021), Newby argued for the first time that the district court erred by imposing the two special conditions of supervised release in the amended judgment that it did not announce when it orally imposed Newby's sentence. By published opinion, we vacated the judgment and remanded the case for a full

2

resentencing in light of the latent *Rogers* error. *See United States v. Newby*, 91 F.4th 196, 200 (4th Cir. 2024). On remand, the district court reimposed the 294-month sentence with four years of supervised release. Newby now appeals his sentence after remand, arguing that his sentence is substantively unreasonable.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the [Sentencing] Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."[*] *Id.* If we find no significant procedural error, we then consider the substantive reasonableness of the sentence imposed. *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020).

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (cleaned up); *see also Gall v. United States*, 552 U.S. 38, 59-60 (2007) (stating that appellate court must give "due deference to the [d]istrict [c]ourt's

---

[*] Although Newby does not challenge the procedural reasonableness of his sentence, our review confirms that it is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (requiring "review [of] sentence for procedural reasonableness *before* addressing whether it is substantively reasonable").

3

reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within the applicable Guidelines range is substantively reasonable. *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021). Newby can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (internal quotation marks omitted).

Newby asserts that his within-Guidelines sentence is substantively unreasonable on two grounds. First, he contends that the district court failed to adequately consider that he was young when he committed the offenses, he had significantly matured since his original sentencing in 2008, and he was much less likely to recidivate at age 40. Second, Newby contends that the district court should have varied downward because the career offender Guideline greatly increased his Guidelines range. Specifically, Newby asserts that the district court erred in not rejecting the career offender Guideline on policy grounds because the Guideline is not based on empirical research, often leads to greater than necessary sentencing recommendations, and fosters racially disparate outcomes for African-American defendants.

We conclude that Newby fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence. *Bennett*, 986 F.3d at 401. At sentencing, the district court expressed hope that Newby had changed over the preceding 16 years and recognized his achievements while incarcerated. However, the district court explained that the chosen sentence was based largely on Newby's repeated interactions with the criminal justice system from a young age, his disdain for authority and others, the need to protect the public,

4

the undercurrent of "dangerousness" from the trial, and the profoundly negative impact his actions had on his community.    While the court acknowledged that Newby has demonstrated maturity and growth since he was originally sentenced in 2008, the court found that the severity and impact of Newby's criminal history and his disciplinary infractions—especially those incurred after the first sentencing—outweighed the mitigating factors.    Although the district court did not explicitly address Newby's arguments regarding the career offender Guideline, it did not abuse its discretion given that "a sentencing court [is] entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data . . . [but] it is under no obligation to do so." *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012) (citation omitted); *United States v. Strieper*, 666 F.3d 288, 295-96 (4th Cir. 2012) (rejecting argument that a presumption of reasonableness should not apply to a within-child-pornography-Guidelines sentence solely because "the relevant Guideline was developed pursuant to congressional dictates rather than the Sentencing Commission's expertise").    Furthermore, Newby's career offender designation was supported by a history of violent offenses—a factor in the court's consideration of the § 3553(a) factors. Given the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *see United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir. 2011), Newby fails to rebut the presumption of reasonableness afforded his within-Guidelines-range sentence. *Bennett*, 986 F.3d at 401.    Accordingly, we conclude that Newby's sentence is substantively reasonable.

5

We therefore affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*