**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-7200**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS DEMOND ROBINSON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Senior District Judge. (6:03-cr-00616-HMH-1)

───────────────

Argued: September 9, 2025                    Decided: November 20, 2025

───────────────

Before THACKER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Dismissed by published opinion. Judge Quattlebaum wrote the opinion in which Judge Thacker and Judge Floyd joined.

───────────────

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Andrea Gwen Hoffman, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Bryan P. Stirling, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────────

QUATTLEBAUM, Circuit Judge:

Carlos Robinson sought habeas relief from his drug and gun convictions under 28 U.S.C. § 2255. The district court denied relief for two alternative reasons. Unless he can prevail on both, we cannot provide him any relief. And critically, a court that is unable to redress the alleged injury lacks any power to act under Article III. After all, "courts do not exist to answer questions. They exist to redress injuries." *Wells v. Johnson*, 150 F.4th 289, 295 (4th Cir. 2025).

No party disputes that the district court could have redressed Robinson's injuries. But that is not enough. He must show that his alleged injuries can be redressed throughout his case. *See Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997))). If Robinson loses redressability at any point, his claims become moot. *See id.*

Here, we granted a certificate of appealability on a single issue—"[w]hether an amended criminal judgment entered after a First Step Act sentence reduction qualifies as a 'new judgment' for purposes of the [Antiterrorism and Effective Death Penalty Act of 1996]." Order 1–2, ECF 67. But even if Robinson were to prevail on this issue, the district court held that his motion would still be untimely. And since we rejected his request to expand the certificate of appealability to include that ground, we cannot redress any injury here. Even the most favorable ruling on appeal won't change things for him because the district court also dismissed his motion for untimeliness. And the dismissal on that ground

cannot be appealed. So, without the possibility of providing Robinson meaningful relief, we must dismiss his appeal as moot.

## I.

The facts in this habeas case are almost entirely procedural and involve Robinson's original convictions for federal drug-and-gun crimes and his continuous efforts over 20 years to challenge his conviction and sentence.

In 2002, a jury convicted Robinson of numerous drug crimes.[1] The district court imposed a 960-month sentence, including 360 months for drug trafficking and two consecutive 300-month sentences for possessing a gun in furtherance of drug trafficking. Robinson appealed. Although we affirmed his convictions, we remanded for resentencing under *United States v. Booker,* 543 U.S. 220, 245–46 (2005), since the district court treated the United States Sentencing Guidelines as mandatory rather than advisory. *United States v. Robinson*, 221 F. App'x 236, 243 (4th Cir. 2007). After the district court imposed the same sentence on remand, Robinson appealed again. This time we affirmed. *United States v. Robinson*, 264 F. App'x 332, 334 (4th Cir. 2008).

In October 2008, Robinson filed a habeas petition under § 2255 raising arguments of vindictive prosecution, a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of counsel. The district court denied relief on the merits. Robinson

---

[1] Robinson was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine, 21 U.S.C. § 846; two counts of possession with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C); two counts of possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1); and two counts of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2).

sought a certificate to appeal that dismissal, but we denied it and dismissed Robinson's appeal. *United States v. Robinson*, 350 F. App'x 837 (4th Cir. 2009).

Then, in 2016, Robinson applied for permission to file a usually forbidden second habeas petition. He argued that a new rule from *Johnson v. United States*, 576 U.S. 591, 606 (2015)—that imposing an increased sentence under the residual clause of the Armed Career Criminal Act is unconstitutionally vague—applied to his case. We consolidated his motions and granted his application, reasoning that *Johnson* might apply to him. But while Robinson received permission to petition for habeas relief, the district court nevertheless denied his claim. The court held that, even if *Johnson* applied to career offender enhancements under the Guidelines, Robinson still qualified as a career offender due to his two qualifying convictions for controlled substance offenses or crimes of violence. Robinson appealed that decision, but we denied a certificate of appealability and dismissed his appeal in January 2017, finding he had not shown the district court's conclusion—that he had two qualifying convictions—was debatable or wrong. *United States v. Robinson*, 672 F. App'x 330, 330 (4th Cir. 2017).

Next, in September 2019, Robinson moved for compassionate release and for a sentence reduction and vacatur as to his § 924(c) convictions under § 403 and § 404 of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). The district court denied compassionate release but granted the First Step Act relief. So, it amended Robinson's judgment to reduce his sentence to 601 months' imprisonment based on reduced penalties for his drug convictions.

Now, at last, to the motion on appeal. In August 2022, Robinson moved pro se under § 2255 for habeas relief. In his motion, he argued that he was actually innocent of his second § 924(c) conviction (possession of a firearm in furtherance of drug trafficking) since both § 924(c) violations occurred during the same conspiracy. In Robinson's words, "[t]he fact that [he] sold drugs (2) times while armed in the same Drug Conspiracy with the same gun should not be counted as TWO section § 924(c) violations." J.A. 682.

The district court dismissed his motion. It first found Robinson's motion was second or successive without the requisite appellate court pre-approval. Because of that, the court held it lacked "jurisdiction." J.A. 689. The district court then explained that, even if the motion was not impermissibly successive, it was still untimely. And the district court held that equitable tolling did not apply based on the absence of justification for untimeliness and the fact that Robinson's motion was so lacking on the merits that it could not be salvaged by equitable tolling. Because Robinson was convicted of multiple drug crimes, the court reasoned that each of Robinson's § 924(c) convictions are "connected to a distinct and separate conviction for a drug trafficking crime . . . : (1) possession with intent to distribute cocaine on February 2, 2003, and (2) possession with intent to distribute cocaine and cocaine base on October 30, 2002." J.A. 692. So his convictions were subsequent violations.

Robinson then sought a certificate of appealability from us. *See* 28 U.S.C. § 2253(c)(1)(B). He conceded that he did not receive authorization to file a second habeas motion. Instead, he argued that he was not required to obtain authorization because the authorization requirement applies only to second or successive motions. And he contended

that his successful First Step Act motion created a new judgment. According to Robinson, the district court's dismissal was improper because his August 2022 § 2255 motion was really his first motion as to that "new" judgment, not a second or successive motion as to his previous one. He also argued the district court erred in invoking equitable tolling on the government's behalf. And last, he argued the district court failed to consider the merits of his argument—that his two § 924(c) violations were really part of the same conspiracy.

Initially, we held Robinson's application for a certificate of appealability in abeyance while we decided *United States v. Newby*, 91 F.4th 196 (4th Cir. 2024). But *Newby* did not ultimately decide whether a sentence reduction under the First Step Act qualifies as a "new judgment" for purposes of the bar on second or successive § 2255 motions.[2] So, we then granted Robinson a certificate of appealability on that issue alone.

Simultaneous with his opening brief, Robinson moved to expand the certificate of appealability, arguing the district court's untimeliness holding was, in effect, infected with an improper view on the merits. Specifically, Robinson proposed we consider "[w]hether the district court erroneously held that separate predicate offenses supported each of Mr. Robinson's Section 924(c) convictions when the jury was instructed that his Count One

---

[2] *Newby* considered a persistent *Rogers-Singletary* error that a defendant only raised subsequent to the entry of a First Step Act amended judgment. *See Newby*, 91 F.4th at 198. The majority, in vacating Newby's sentence and remanding for resentencing to correct the error, noted that the case "may well be a unicorn." *Id*. at 200. Regardless, the majority adopted no rule as to whether a First Step Act amended judgment was "new." *Id*. at 201–02 (Quattlebaum, J., dissenting). Robinson filed a motion to remand his case in light of our decision in *Newby* during the pendency of this appeal. But because *Newby* did not answer Robinson's question, we deny his motion.

conspiracy conviction could serve as a predicate offense for each Section 924(c) count." Motion to Expand Certificate of Appealability 1, ECF 26. But we denied his motion to expand. So, the lone issue on appeal is "[w]hether an amended criminal judgment entered after a First Step Act sentence reduction qualifies as a 'new judgment' for purposes of the AEDPA." Order 1–2, ECF 67.[3]

## II.

But before we consider the merits of any appeal, we must assure ourselves of jurisdiction.[4] *See Wells*, 150 F.4th at 297 ("[F]ederal courts must confirm for themselves that they have jurisdiction."). Doing so here involves a number of wonky issues.

## A.

"Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Menders v. Loudoun Cnty. Sch. Bd.*, 65 F.4th 157, 162 (4th Cir. 2023) (quoting U.S. CONST. art. III, § 2). But to be a case or controversy in the constitutional sense, standing is required. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). Standing clarifies which cases or controversies "are appropriately resolved through the judicial process," *id*. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)), by requiring a plaintiff "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the

---

[3] We have appellate jurisdiction over this appeal under 28 U.S.C. §1291 and 28 U.S.C. § 1331.

[4] This court requested, and the parties submitted, supplemental briefing on the issue of Robinson's standing prior to oral argument.

7

defendant; and (iii) that the injury would likely be redressed by judicial relief," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61).

What's more, standing is not a one-time requirement. Even if a party has standing at the litigation's outset, that does not perpetually satisfy Article III. Because the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 709 (2000) (quoting *Arizonans*, 520 U.S. at 68 n.22). Put simply, a party that has standing at the outset of a case can lose it if, during the course of the case, one of the three elements of standing is no longer present. *See Townes*, 577 F.3d at 546–47.

Here, it is the third standing requirement, redressability, that prevents us from considering the merits of Robinson's appeal. This is so because of the district court's alternative holdings as to its dismissal of Robinson's § 2255 motion and our denial of Robinson's motion to expand the certificate of appealability. The cumulative effect of those events rendered Robinson's appeal moot because we can no longer afford him any meaningful relief.

**B.**

Restating the district court's holdings, it first found that First Step Act motions do not create new judgments for purposes of AEDPA. *See* J.A. 688 (citing *Telcy v. United States*, 20 F.4th 735, 745–46 (11th Cir. 2021) (holding "a sentence reduction under the First Step Act does not constitute a new judgment for purposes of AEDPA's bar on second or successive habeas petitions")). As a result, it considered Robinson's motion a "second

or successive [§ 2255] motion [that] must be certified as provided in section 2244 by a panel of the appropriate court of appeals" as containing either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). And because Robinson failed to have his motion certified by a panel of this court, the district court dismissed the motion for lack of "jurisdiction." J.A. 689.

But the district court did not stop there. It held alternatively that "even if Robinson's § 2255 motion w[as] not second or successive, it would still be time-barred[] [because] [a] movant seeking habeas relief under §2255 is subject to a one-year statute of limitations." J.A. 689. Ordinarily, a district court should give a pro se petitioner notice and an opportunity to respond prior to raising an untimeliness defense sua sponte. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). This notice, however, is not required where "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." *Id.*; *see also United States v. Sexton*, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. 2003).

The district court noted the relevant timing—Robinson's one-year limitations period began to run, at the latest, on the date his amended judgment under the First Step Act became final, June 24, 2020. Robinson did not file his motion until August 31, 2022. So, he was well over one year late. No one disputes that. And Robinson gave no reason for the delay in his motion. Beyond that, the district court explained that equitable tolling could

9

not salvage his claim because the merits of it were so lacking. But the district court, relying on *Hill*, was clear it only looked at the merits because "it was undisputably clear from the materials presented that Robinson's motion is time-barred and equitable tolling principles do not apply because his claim fails on the merits." J.A. 691.

## C.

When we denied Robinson's motion to expand the certificate of appealability to include the merits of his § 2255 motion, we necessarily found the absence of a substantial issue as to the district court's alternative holding on untimeliness. In essence, while we thought Robinson's first argument—whether a First Step Act amended judgment was "new" for purposes of AEDPA—made the requisite, "substantial showing of the denial of a constitutional right," we thought Robinson's latter argument addressing a component part of the district court's holding on untimeliness did not. 28 U.S.C. § 2253(c)(2). This lack of a substantial issue is not surprising. Robinson concedes current, binding Fourth Circuit precedent dooms his claim on the merits. *See* Op. Br. at 22; *United States v. Camps*, 32 F.3d 102 (4th Cir. 1994) (holding "a defendant in this Circuit can be convicted of multiple Section 924(c) offenses that all rely on the same predicate crime").

The refusal to expand the certificate of appealability means that Robinson's claims are moot. Here's why. If Robinson's argument regarding the merits is not substantial, it cannot be appealed. And if it cannot be appealed, he cannot prevail on the alternative holding of untimeliness even if we agree with him on the issue we permitted him to appeal—whether a First Step Act reduction results in a new judgment.

10

Remember, redressability requires that "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561. Here, any redress for Robinson is not just speculative, but impossible. Because even the most favorable ruling for Robinson on whether a First Step Act reduction results in a new judgment changes nothing with respect to the district court's ruling on untimeliness.

Robinson argues in his supplemental briefing that, because the district court first dismissed his motion for lack of "jurisdiction," the alternative holding on untimeliness is null and void. Robinson Supp. Br. at 4. According to Robinson, because courts cannot "assume subject-matter jurisdiction to reach the merits of a case," everything the district court said after it found it lacked jurisdiction was improper. *Id.* (quoting *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011)). And this matters as to Robinson's standing because it follows that if the untimeliness ruling was improper, a favorable ruling from this court would mean Robinson could argue again below on equitable tolling and the merits of his motion.

We disagree. True, courts cannot assume jurisdiction to decide the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("We decline to endorse [hypothetical jurisdiction because] such an approach . . . carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."). And true, the district court said that it lacked jurisdiction over Robinson's motion because it was impermissibly successive. But the district court's use of "jurisdiction" appears the sort of casual use of the term that recent Supreme Court decisions

11

tell courts to avoid.[5] *See e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("This Court has endeavored in recent years to 'bring some discipline' to the use of the term 'jurisdictional.'"). *Gonzalez*—and many other cases—tell us there is a distinction between truly jurisdictional rules which govern the court's adjudicatory authority and non-jurisdictional, claims-processing rules which do not. *See, e.g.*, *Riley v. Bondi*, 145 S. Ct. 2190 (2025)*; Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006).

For a rule to be truly jurisdictional it must "really concern[] a limitation on the court's capacity to decide as opposed to a threshold requirement that a party ha[s] to satisfy in order to go forward." *Riley*, 145 S. Ct. at 2202. That only happens when "Congress 'clearly states' that the provision has jurisdictional consequences." *Id*. at 2202 (quoting *Arbaugh*, 546 U.S. at 515). But in the absence of such clarity, "courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 516.

For example, in *Arbaugh*, the Court considered whether a threshold of fifteen employees set forth in the definition of "employer" in Title VII "affect[ed] federal-court subject-matter jurisdiction, or instead, delineate[d] a substantive ingredient for a Title VII

---

[5] To be fair, we have also used the term "jurisdiction" when addressing second or successive habeas petition requirements. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (holding that in the context of a motion under § 2255, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims"); *United States v. Jones*, 616 F. App'x 98, 99 (4th Cir. 2015) ("[W]e affirm the district court's order dismissing [defendant's] postjudgment motion, reconstrued as a § 2255 motion, for want of jurisdiction."); *United States v. Lora*, 629 F. App'x 564, 566 (4th Cir. 2015) ("The district court therefore lacked jurisdiction to adjudicate the [functional equivalents of § 2255] motions, and they were properly subject to dismissal.").

claim for relief." *See* 546 U.S. at 503. In finding the threshold number of employees was not jurisdictional, the Court relied on the fact that the provision "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id*. at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). In doing so, it emphasized that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, the courts and litigants will be duly instructed and will not be left to wrestle with the issue." *Id*. at 515–16. But in the absence to such clarity, the Court declined to wade into jurisdictional limitations better suited for Congress. *See id*. at 515.

> Looking to the statutes at issue here, 28 U.S.C. § 2255(h) states that:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2255(h) does not speak to a district court's jurisdiction—rather it references (1) a preliminary authorization process required before a petitioner can file a second or successive motion under § 2244 and (2) the showing required to obtain such authorization from the court of appeals. No part of § 2255(h), on its face, references the district court's jurisdictional power. *See Riley*, 145 S. Ct. at 2202 (holding a rule was not jurisdictional where it "provides no directives to courts[] [and] [i]t makes no reference to jurisdiction and

13

lacks any language 'demarcat[ing] a court's power.'" (quoting *Harrow v. Dep't of Def.* 601 U.S. 480, 484 (2024))).

But we cannot stop at §2255(h). That provision references § 2244, so we must examine whether it involves jurisdictional power. Section 2244(b)(3) lays out the preliminary process Robinson had to follow to file a second or successive motion in his case. It provides that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3). Like § 2255(h), this section does not mention the district court's jurisdiction. Even § 2244(b)(3)(A)—which provides that "[b]efore a second or successive application permitted by this section is filed in the district court," the applicant shall obtain prior authorization—does not provide an "exceedingly strong" signal that the rule is

14

intended as jurisdictional.[6] *Riley*, 145 S. Ct. at 2202. Why? Because the requirement does not demarcate the bounds of the district court's judicial power; rather, it lays out a procedural prerequisite for moving in district court. Remember, the whole of subsection (b)(3) speaks to the process for moving for authorization in the court of appeals to be able to proceed in district court. As a result, this is "a threshold requirement that a party ha[s] to satisfy in order to go forward." *Id*. at 2202. So, the district court dismissed Robinson's claim not because it lacked jurisdiction but because he failed to comply with the rules to have his motion properly before the district court. Sections 2255(h) and 2244(b)(3) do not contain language that shows compliance is jurisdictional in nature here as opposed to claims processing. Therefore, the district court did not assume hypothetical jurisdiction in order to issue the alternative timeliness ruling.[7] And because that ruling is valid regardless

---

[6] And while 28 U.S.C. § 2244(b)(4) is not applicable here because Robinson did not present a second or successive application authorized by the court of appeals, other courts have found it non-jurisdictional. *See* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."); *Williams v. United States*, 927 F.3d 427, 438 (6th Cir. 2019) ("[Section] 2244(b)(4) does not clearly state a jurisdictional bar." (cleaned up)); *Moss v. United States*, 731 F. Supp. 3d 697 (W.D.N.C. 2024) (recognizing that the Fourth Circuit has not expressly decided whether the mandatory language of § 2244(b)(4) requiring the district court to dismiss any claim presented in a Fourth Circuit-authorized petition is jurisdictional versus a claims processing rule, but relying on *Williams* to conclude that § 2244(b)(4) is a non-jurisdictional claims processing rule). These decisions are consistent with our decision about § 2244(b)(3).

[7] But even if the requirements of § 2255(h) or § 2244(b)(3) were jurisdictional, that would not change our result. The district court did not skip the requirements of Article III to issue its alternative holding that Robinson's claim was barred for untimeliness under 18 U.S.C. § 2255(f). *See Steel Co.*, 523 U.S. at 101 ("While some . . . cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is

15

of how we answer Robinson's question on appeal, Robinson's claim is not redressable by this court.

## III.

In sum, we leave for another day the question of whether an amended criminal judgment entered after a First Step Act sentence reduction qualifies as a new judgment for purposes of the AEDPA. Because we denied Robinson's motion to enlarge his certificate of appealability to include the district court's alternative ruling on timeliness, we cannot issue Robinson any meaningful relief in this appeal. Therefore, we dismiss Robinson's appeal as moot.

*DISMISSED*

---

always an antecedent question, none of them even approaches approval of a doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt.").